IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WELLS FARGO BANK, NA,

                Plaintiff,

v.

GREGORY D. DABNEY, and All Others,

                Defendant.

1:15-cv-3714-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation ("R&R") [4], which recommends remanding this dispossessory action to the Superior Court of Fulton County, Georgia. Also before the Court is Plaintiff Wells Fargo Bank, NA's ("Plaintiff") Motion to Remand [2].

## I.     BACKGROUND

This is Defendant Gregory D. Dabney's ("Defendant") second attempt to remove this dispossessory action to this Court. See Wells Fargo Bank, NA v. Dabney, 12-cv-2980 (N.D. Ga. 2013) ("Case 2980").[1]

---

[1] The Court takes judicial notice of the facts and filings from Case 2980, which was remanded by Judge Julie E. Carnes for lack of subject-matter jurisdiction. See Saunders v. Lisch, No. 8:11-cv-1741-T-30AEP, 2011 WL 6813634, at *1 (M.D. Fla. Dec. 28, 2011) (district court may take judicial notice of the background facts that were contained in the court's prior remand order).

In August 2012, Plaintiff initiated a dispossessory proceeding against Defendant in the Magistrate Court of Fulton County, Georgia.[2] The Complaint seeks possession of premises currently occupied by Defendant following a foreclosure sale of the Property. (See Case 2980, Doc. 1.1 at 2).

On August 28, 2012, Defendant removed the Fulton County Action to this Court, asserting that there is federal subject-matter jurisdiction based solely on the existence of a question of federal law and diversity jurisdiction. (Id., Doc. 1.1). Defendant did not claim removal under 28 U.S.C. § 1443 or assert any violations of his federal civil rights.

On January 16, 2013, Plaintiff moved to remand the action to state court for lack of subject-matter jurisdiction. (Id., Doc. 11). Plaintiff argued that remand was proper because the dispossessory action does not present a question of federal law. Plaintiff also argued that the Court did not have diversity jurisdiction because Defendant failed to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds $75,000. (Id.).

On February 4, 2013, the Court issued an Order granting Plaintiff's Motion to Remand, and remanded the dispossessory action to Magistrate Court of Fulton County. (Id., Doc. 14).

---

[2]   No. 12ED588149.

On March 26, 2013, the Magistrate Court of Fulton County issued an order and judgment granting possession of the Property to Defendant.  (See [1.1] at 12; see also [2], Ex. 1 at 10).  Defendant appealed this decision, and on April 23, 2013, the Magistrate Court of Fulton County dismissed Defendant's appeal as untimely.[3] (See [2], Ex. 2 at 11).

On October 30, 2013, because Defendant failed to tender the monthly rent amount while his appeal was pending, as required by the Magistrate Court's order, the Superior Court of Fulton County issued a Writ of Possession for the Property in favor of Plaintiff.  (See [1.1] at 12-13; see also [2], Ex. 3 at 12-13).  Defendant filed three separate appeals of this decision, all of which were dismissed by the Superior Court of Fulton County on September 22, 2014.  (See [2], Ex. 4 at 16).

On October 2, 2014, Defendant filed, in the Georgia Court of Appeals, an application for discretionary appeal of the Superior Court's September 22, 2014,

---

[3] Because they are public records, the Court also takes judicial notice of Defendant's litigation history and state-court filings.  See Morton v. Bank of America Corp., No. 5:12-cv-188 (CAR), 2012 WL 3901749, at *2, n.4 (M.D. Ga. Sept. 7, 2012) (citing Fed. R. Evid. 201(b)) (district court may *sua sponte* take judicial notice of "court documents from a prior proceeding," including documents from plaintiff's prior bankruptcy proceeding); Lowman v. City of Riviera Beach, 713 F.3d 1066, 1075 n. 9 (11th Cir. 2013) (district court may take judicial notice of public records, such as filings in other judicial proceedings, without converting a 12(b)(6) motion into a motion for summary judgment).

Order, which the Georgia Court of Appeals denied on October 23, 2014. (See [2], Ex. 5 at 17).

On October 22, 2015, Defendant, proceeding *pro se*, again removed the Fulton County Action to this Court by filing his second Notice of Removal and an application to proceed *in forma pauperis* ("IFP").[4]  Defendant appears to assert that there is federal subject matter jurisdiction because there is a question of federal law in this action. Defendant states that he "specifically complains on matters which go to related federal questions, such as federal civil jurisdiction . . . ."  (Notice of Removal [1.1] at 6). Defendant also asserts a counterclaim for "wrongful dispossessory." (Id. at 7).

On November 11, 2015, Plaintiff moved to remand this action to state court. Defendant did not respond to Plaintiff's Motion.

On November 13, 2015, Magistrate Judge Brill granted Defendant's application to proceed IFP. The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction. The Magistrate Judge found that, on March 26, 2013, the state court entered a Writ of Possession for the

---

[4]   The Court notes that Defendant fails to attach a copy of Plaintiff's Complaint, and instead attaches a copy of the Writ of Possession to his Notice of Removal. (See [1.1] at 12). The Court has carefully reviewed this pleading and it is clear from Defendant's Notice of Removal that Defendant is challenging the same dispossessory proceeding in this action as he did in Case 2980.

4

Property in favor of Plaintiff.  Because Defendant removed the Fulton County Action to this Court on October 22, 2015, nearly two (2) years after the judgment was entered against Defendant, the Magistrate Judge concluded that there is no basis for removal since there is no evidence to support that Defendant's case is still pending in state court.  Because it appears that there is no active case to remove, the Magistrate Judge recommended that the Court remand the case to the Superior Court of Fulton County, Georgia, for lack of subject-matter jurisdiction.  The Magistrate Judge also recommended that Plaintiff's Motion to Remand be denied as moot.

There are no objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and

recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Analysis[5]

Defendant does not object to the Magistrate Judge's recommendation that this case be remanded to state court because the record is clear that the Court lacks

---

[5] The Court notes that, although Defendant is not precluded from filing a second notice of removal in this action based on the Court's decision to remand in Case 2980, Defendant "may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which simply supplies evidentiary support for the argument that the previous remand order was incorrect."  See Nicholson v. Nat'l Accounts, Inc., 106 F. Supp. 2d 1269, 1271 (S.D. Ala. July 26, 2000) (citing 28 U.S.C. § 1446(b)).  To the extent Defendant's second Notice of Removal could be construed as a Motion to Reconsider the Court's remand order in Case 2980, the Court lacks jurisdiction to consider it.  See 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."); see also Harris v. Blue Cross/Blue Shield of Ala., Inc., 951 F.2d 325, 330 (11th Cir. 1992) (Section 1447(d) "bars reconsideration by the district court of its own remand order"); Wachovia Mortg. FSB v. Brown, 608 F. App'x 886, 886 (11th Cir. 2015) ("Remand orders are not reviewable on appeal unless that case was originally removed under section 1442 or 1443."); Collins v. Fingerhut Co., Inc. et al., 117 F. Supp. 2d 1283, 1285 (S.D. Ala. 2000) ("However, it is clear that the court lacks subject matter jurisdiction to revisit its original remand order whether the opportunity to do so is case in the form of a motion to reconsider or in the form of a second notice of removal."); Nicholson, 106 F. Supp. 2d at 1272 (defendant's "second removal is nothing more than a creative attempt to have the court reconsider its prior remand order").

subject-matter jurisdiction over this dispossessory action.[6]  The Eleventh Circuit has consistently held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  Id.

Congress has provided that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."  28 U.S.C. § 1441(a).  Removal in this case appears to be based on federal-question jurisdiction, which extends to "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence of federal-question jurisdiction is governed by the

---

[6]   The Magistrate Judge also found that Defendant's removal was procedurally defective because Defendant filed his second Notice of Removal more than three (3) years after Plaintiff served him with the dispossessory action in August 2012.  See 28 U.S.C. 1446(b) ("[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .").  Although the Court agrees that Defendant's Notice of Removal is untimely, the Court cannot remand a civil case *sua sponte* "for any procedural defect other than [for] lack of subject matter jurisdiction."  See Citi Bank, N.A. v. Gumbs, No. 1:07-cv-3042-TWT, at *2, n.3 (N.D. Ga. Jan. 11, 2008) (quoting Yusefzadeh v. Nelson Mullins, Riley & Scarborough, LLP, 365 F.3d 1244, 1245 (11th Cir. 2004)).

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a federal cause of action within a counterclaim or a federal defense is not a basis for removal jurisdiction. Vaden v. Discover Bank, 556 U.S. 49, 59-61 (2009).

Based on the Court's review of the Writ of Possession attached to Defendant's Notice Removal, along with Defendant's claims in his Notice of Removal and his prior filings in Case 2980, it is clear that Plaintiff's state court Complaint asserts a dispossessory action and does not allege federal law claims. That Defendant asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Removal is not proper based on federal question jurisdiction.[7]

---

[7] To the extent Defendant claims removal under Section 1443 based on "various systematic and premeditated deprivations of fundamental Rights [sic] guaranteed by the U.S. Constitution, [and] by the Constitution of the State of Georgia," ([1.1] at 6) these broad assertions of general constitutional violations are "phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands." See Kopec v. Jenkins, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)); see also 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is

The Court's jurisdiction in this action also cannot be based on diversity of citizenship, which extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." 28 U.S.C. § 1332(a)(1), (2).  Defendant has not alleged the citizenship of the parties, and even if diversity does exist, Defendant fails to show that the amount in controversy exceeds $75,000.00.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of premises currently possessed by Defendant, and past due rent and fees.  It is well-settled that "a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in

---

"[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Rachel, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); Novastar Mortg., Inc. v. Bennett, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'").  Removal is not proper based on 28 U.S.C. § 1443 and this action is required to be remanded for this additional reason.

controversy." Bennett, 173 F. Supp. 2d at 1361-1362; see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."). The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[8]

## III. CONCLUSION

For the foregoing reasons,

---

[8] To the extent Defendant seeks to have the Court find that a completed dispossessory proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the Rooker-Feldman doctrine to do so. Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923)).

10

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [4] is **ADOPTED AS MODIFIED** by this Order.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Superior Court of Fulton County, Georgia.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [2] is **DENIED AS MOOT**.

**SO ORDERED** this 19th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE